STATE OF NEW MEXICO
COUNTY OF GUADALUPE
FOURTH JUDICIAL DISTRICT

JONATHAN ENCINIAS,
ROBIN GENSLER

       Plaintiffs,

vs.                                    NO.  D-424-CV-2015-00006

AMARJIT SINGH, B & S EXPRESS, INC.,
NEW YORK MARINE AND GENERAL INSURANCE
COMPANY, and JOHN AND JANE DOES 1-3
and ENTITIES, CORPORATIONS
and/or PARTNERSHIPS DOES 4-20

       Defendants.

## COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

PLAINTIFFS Jonathan Encinias and Robin Gensler, through their attorney of record, RIOS LAW FIRM (Linda J. Rios), states and alleges:

### I.
### GENERAL ALLEGATIONS AND NEGLIGENCE

1.    Plaintiff Jonathan Encinias is a married man and a resident of Guadalupe County, State of New Mexico. Plaintiff Robin Gensler, the wife of Plaintiff Jonathan Encinias, and continues to be such, and is a resident of Guadalupe County, State of New Mexico.

2.    The Defendants, Does 1 through 10, inclusive, are sued under fictitious names, their true names and capacities being unknown at this time to Plaintiffs, who are informed and believe and thereon allege that said Defendants are responsible in some manner for the events and happenings referred to herein, and will ask leave of the court to amend this Complaint to show their true names and capacities when the same have been ascertained. At all relevant times each Defendant, including any Defendant(s) fictitiously named, was acting as the agent, servant, insurer, employee, partner, or joint venturer of each other Defendant(s) in doing the things alleged herein, and is responsible, in some manner, for the damages claimed herein by Plaintiffs.



3. Upon information and belief, Defendant Amarjit Singh is and was, at all relevant times, a resident of Bakersfield, California.

4. Upon information and belief, at all relevant times, Defendant Amarjit Singh and Does 1-3 were driving a tractor-trailer on behalf of Defendant B & S Express, Inc. and Does 7-12 and acted within the course and scope of their employment and/or agency relationship.

5. Upon information and belief, B & S Express, Inc. and Does 7-12 are foreign corporations and other entities engaging in the business of interstate tractor-trailer transportation and registered with the Department of Transportation.

6. Upon information and belief, Defendants B & S Express, Inc. and Does 7-12 are foreign corporations with their primary business located outside of New Mexico and conducting business across the United States.

7. Upon information and belief, Defendants B & S Express, Inc. and Does 7-12 acted in joint venture with Defendants Amarjit Singh and Does 1-3 related to interstate trucking.

8. At all times material hereto, Defendants B & S Express, Inc. and Does 7-12 were authorized to operate commercial motor vehicles interstate and owned or had an ownership interest in the tractor-trailer driven by Defendant Amarjit Singh and Does 1-3.

9. Upon information and belief, Defendants Amarjit Singh and Does 1-3, and B & S Express, Inc. and Does 7-12 were the owners of the tractor-trailer driven by Defendant Amarjit Singh and Does 1-3 at all relevant times.

10. Defendant, New York Marine and General Insurance Company (hereinafter "NEW YORK"), and Does 4-6 are the insurers for Defendant Amarjit Sing and Does 1-3 and B & S Express, Inc. and Does 7-12.

11. Defendant NEW YORK and any other subsidiaries and any other corporations doing business in New Mexico under the name NEW YORK and Does 4-6 is/are foreign corporations

conducting business in New Mexico.

12. At all material times Defendant Amarjit Sing and Does 1-3 and B & S Express, Inc. and Does 7-12 were operating a vehicle insured by New York and Does 4-6. The insurance was purchased in whole or part to satisfy the Mandatory Financial Responsibility Act Section 66-5-205 NMSA (1978).

13. Defendant NEW YORK and Does 4-6 are subject to the jurisdiction of the Court by virtue of their contract with the Defendant driver and/or the owners of the vehicle pursuant to *Raskob v. Sanchez*, 1998-NMSC-045, 126 N.M. 394.

14. By virtue of the insurance contract, and Defendant NEW YORK's and Doe's 4-6 failure to properly evaluate Plaintiffs claims against Defendant Amarjit Sing and Does 1-3 and B & S Express, Inc. and Does 7-12, thereby causing this lawsuit to be filed, Defendant NEW YORK and Does 4-6 are liable for judgment rendered against Defendants Amarjit Sing and Does 1-3 and B & S Express, Inc. and Does 7-12.

15. Plaintiffs have brought the present action against Defendants Amarjit Singh and Does 1-3, and B & S Express, Inc. and Does 7-12 to hold them responsible and accountable for their individual actions as well as their collective actions as part of a business enterprise.

16. Defendants Amarjit Singh and Does 1-3, and B & S Express, Inc. and Does 7-12 at all times material to the present action, were engaged in the interstate trucking industry across the United States, including the State of New Mexico, and have acted in concert as part of a joint venture or organization.

17. On March 24, 2012, Plaintiff Jonathan Encinias was operating a 1996 white Mitsubishi.

18. On March 24, 2012 Plaintiff Jonathan Encinias was traveling northbound on US 84 in the outside lane in the city of Santa Rosa, in Guadalupe County, State of New Mexico.

3

19. On March 24, 2012, Defendant Amarjit Singh and Does 1-3 were operating a 2006 red semi-truck in the city of Santa Rosa, in Guadalupe County, State of New Mexico on Highway US 84 South and failed to stop or yield to traffic, failed to keep a proper lookout, and failed to keep their attention on the road when making a left hand turn onto State Road 156.

20. Defendant Amarjit Singh and Does 1-3 failed to stop, failed to yield for traffic, failed to keep their attention on the road, drove carelessly, and barreled out in front of Plaintiff Jonathan Encinias's vehicle, thereby causing a collision with Plaintiff's vehicle.

21. At all times, Plaintiff Jonathan Encinias was operating his vehicle in a safe and proper manner.

22. At the aforesaid date and place, Defendant Amarjit Sing and Does 1-3 operated their truck in a careless, reckless and negligent manner in that they failed to use ordinary care in the operation of their vehicle, failed to stop, failed to yield the right of way to oncoming traffic, drove carelessly, drove at an unsafe speed and failed to pay proper attention, thereby causing the collision of Defendants truck and Plaintiff's vehicle. Defendant Amarjit Sing and Does 1-3 were driving recklessly and carelessly by failing to give their full attention to the roadway or traffic conditions.

23. As a direct and proximate result of the negligence of Defendant Amarjit Singh and Does 1-3 the vehicles described herein above did collide with significant force.

24. The crash was investigated by Santa Rosa Police Dept. Officer Eddie J. Moon and Supervising Officer at the scene, Sgt. Pacheco, and documented in a State of New Mexico Uniform Crash Report. Defendant Amarjit Singh was cited for Careless Driving.

25. Defendant Amarjit Singh and Does 1-3 drove at an unsafe speed for road conditions, failed to stop, failed to yield the right of way to on coming traffic, failed to keep his/their attention on the roadway and /or traffic conditions, drove carelessly and failed to keep a proper lookout thereby causing the collision with Plaintiff Encinias's vehicle.

26. Defendant Amarjit Singh and Does 1-3's driving did breach the duty of reasonable care which they owed to Plaintiff Jonathan Encinias to operate hi/their tractor-trailer in a reasonable and prudent manner and thus avoid injuring Plaintiff Jonathan Encinias.

27. This breach was a direct and proximate cause of the severe injuries sustained by Plaintiff Jonathan Encinias.

28. Such conduct on the part of Defendant Amarjit Singh and Does 1-3 constitutes negligence. As a direct and proximate result of Defendant Singh's and Does 1-3's negligence, Plaintiff Jonathan Encinias, did suffer injuries and damages including, but not limited to, severe and permanent physical injuries, property damages, past and future medical expenses, loss of life's enjoyment, loss of household services, past and future lost wages, lost earning capacity, past and future emotional and physical pain and suffering and incidental damages, all in such an amount to be proven at trial.

## II.
## NEGLIGENCE PER SE

29. Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

30. By acts, errors and omissions in their driving Defendant Amarjit Singh and Does 1-3 violated numerous county, state, local and federal laws.

31. Defendant Amarjit Singh's and Does 1-3's wrongful conduct in negligently, carelessly, and recklessly operating his/their vehicle was in violation of numerous traffic statutes of the State of New Mexico including, but not limited to: Failure to exercise due care § 66-7-337 NMSA; Careless driving § 66-8-114 NMSA; Reckless driving § 66-8-113 NMSA; Failure to stop, failure to yield, Failure to obey traffic laws § 66-7-3 NMSA; Speeding § 66-7-301 NMSA; Driver inattention; and Failure to keep a proper lookout.

32. Plaintiff Jonathan Encinias is a member of the class of persons sought to be protected by said statutes and codes.

33. Defendant Singh and Does 1-3 violated said statutes and codes without just cause or excuse.

34. As a direct and proximate result of Defendant Singh's and Does 1-3's negligence, Plaintiff Jonathan Encinias did suffer injuries and damages including, but not limited to, severe and permanent physical injuries, property damages, past and future medical expenses, loss of life's enjoyment, loss of household services, past and future lost wages, lost earning capacity, past and future emotional and physical pain and suffering and incidental damages, all in such an amount to be proven at trial.

### III.
### PUNITIVE DAMAGES

35. Plaintiffs incorporates by reference the previous paragraphs as though fully set forth herein.

36. Upon information and belief, Defendant Amarjit Singh and Does 1-3 operated his/their tractor-trailer in a reckless, willful, and wanton manner and in knowing disregard for the safety of other motorists, wantonly disregarding city, county, state and federal laws. As a direct and proximate result of such conduct, Plaintiff Encinias suffered the injuries and damages described herein.

37. Defendant Amarjit Singh and Does 1-3's conduct was so willful, wanton, reckless, and in knowing disregard for the safety of others as to call for an award of punitive damages as provided by law. An award of punitive damages is appropriate to punish Defendants Singh and Does 1-3 for his/their behavior and to deter him/them from such conduct in the future.

6

## IV.
## VICARIOUS LIABILITY AMARJIT SINGH AND DOES 1-3

38. Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

39. Upon information and belief and at all relevant times, Defendant Amarjit Singh and Does 1-3 were employees, contractors or agents of Defendants B & S Express, Inc. and Does 7-12.

40. Defendant Amarjit Singh and Does 1-3, at all relevant times, were acting within the course and scope of his/their employment with Defendants B & S Express, Inc. and Does 7-12 and/ was working under the control of same and in furtherance of the legitimate business activities of same.

41. Based upon federal laws and regulations, based upon principles of respondeat superior, and theories of agency, Defendants are vicariously liable for the actions or inactions of Defendant Amarjit Singh and Does 1-3.

42. Further, Defendants B & S Express, Inc. and Does 7-12 approved or authorized or ratified the negligent or reckless conduct of Defendant Amarjit Singh and Does 1-12.

## V.
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION OF AMARJIT SINGH AND DOES 1-3

43. Plaintiffs incorporates by reference the previous paragraphs as though fully set forth herein.

44. Upon information and belief and at all relevant times, Defendant Amarjit Singh and Does 1-3 was/were employees, contractor or agents of Defendants B & S Express, Inc. and Does 7-12.

45. Defendants B & S Express, Inc. and Does 7-12 were negligent in the hiring, contracting of, training, supervision and retention of Defendants Amarjit Singh and Does 1-3.

46.  Defendants B & S Express, Inc. and Does 7-12's negligence includes but is not limited to:

a.  Inadequate screening of Defendants Amarjit Singh and Does1-3 as perspective employees, independent contractors, or professional drivers of a commercial motor vehicle;

b.  Inadequate management, training, and enforcement of policies regarding vehicle operation and maintenance;

c.  Placement or retention of Defendant Amarjit Sing and Does 1-3 as vehicle or tractor-trailer operators; and/or

d.  Inadequate supervision of Defendant Amarjit Singh and Does 1-3.

47.  As a proximate result of Defendants B & S Express, Inc. and Does 7-12's negligence in hiring, contracting with, training, supervision and retention of Defendants Amarjit Singh and Does 1-3, Plaintiff suffered those injuries and damages complained of more fully herein.

## VI.
## NEGLIGENCE
## (B & S EXPRESS, INC. and DOES 7-12)

48.  Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

49.  Defendants B & S Express, Inc. and Does 7-12 are identified by reference to DOT #946496 in Officer Moon's Uniform Crash Report, recording the DOT number under which Amarjit Singh was operating the commercial motor vehicle.

50.  Upon information or belief and in the alternative, Defendants B & S Express, Inc. and Does 7-12 owned or leased or otherwise had a possessory interest in the commercial motor vehicle driven by Defendant Amarjit Sing and Does 1-3 at the time of the subject vehicle crash.

51.  As owner, leasor, or possessor of the vehicle, Defendants B & S Express, Inc. and Does 7-12 owed a duty of reasonable and ordinary care and/or pursuant to local, state or federal law,

8

a duty to maintain and ensure the safe operation of the vehicle.

52. Defendants B & S Express, Inc. and Does 7-12 breached its/their duty of reasonable and ordinary care and/or its duties pursuant to local, state, or federal law, including but not limited to:

    a. entrustment of the commercial motor vehicle to Defendant Amarjit Singh and Does 1-3,

    b. maintenance of the commercial motor vehicle,

    c. loading of the commercial motor vehicle,

    d. licensing or permitting of the commercial motor vehicle,

    e. training or supervision of Amarjit Singh and Does 1-3, and

    f. otherwise acting, encouraging, or failing to prevent Amarjit Singh and Does 1-3 from violating local, state, and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350 to 399;

53. As a proximate result of Defendant B & S Express, Inc. and Does 7-12's negligence in its/their obligations of ownership, possessory interest, and maintenance, Plaintiffs suffered damages as complained of more fully herein.

## VII.
## JOINT VENTURE
## (AMARJIT SINGH AND DOES 1-3 AND B & S EXPRESS, INC. AND DOES 7-12)

54. Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

55. Defendants Amarjit Singh and Does 1-3 and B & S Express, Inc. and Does 7-12 are all inter-related businesses engaged in the commerce of interstate trucking;

56. All such Defendants worked together to perform a common purpose of operating a business or engaging in the business of interstate trucking;

57. All such Defendants had a proprietary interest in the ongoing business enterprises;

9

58. All such Defendants had mutual rights of control, shared in the profits, and had a duty to share in the losses.

## VIII.
## LOSS OF CONSORTIUM

59. Plaintiffs incorporate by reference the previous paragraph as though fully set forth herein.

60. As a further direct and proximate result of the wrongful conduct of Defendants, Plaintiff, Robin Gensler has suffered, and will continue to suffer in the future, the loss of consortium, society, affection, assistance, care, services and conjugal fellowship, companionship, and household services of her husband, Plaintiff Jonathan Encinias all to her great damage in an amount to be proven more specifically at trial.

WHEREFORE, Plaintiffs JONATHAN ENCINIAS and ROBIN GENSLER pray for judgment against Defendants, one and all, as follows:

1. For compensatory damages in an amount to be proven at trial.

2. For punitive damages as allowed by law.

3. For all of Plaintiff's costs incurred herein to be reimbursed Plaintiff by Defendants.

4. For pre- and post-judgment interest on all sums awarded hereunder at the statutory rate from the date of judgment until paid in full.

5. For such other and additional relief as the court deems just and appropriate.

Respectfully submitted,

RIOS LAW FIRM

/s/ Linda J. Rios, Esq.
BY: Linda J. Rios
ATTORNEY FOR PLAINTIFFS
Post Office Box 3398
Albuquerque, New Mexico 87190-3398
Telephone: (505) 232-2298